UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

      Plaintiff,

  v.

M. BORUM and J. ACEBEDO,

      Defendants.

1:17-cv-00603-EPG (PC)

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE

ORDER TO CLOSE CASE

(ECF No. 5)

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 3, 2017.[1] (ECF No. 1). Plaintiff then filed application to proceed *in forma pauperis* on June 5, 2017, which is presently pending before the Court. (ECF No. 5).

Title 28, United States Code, Section 1915 governs proceedings *in forma pauperis*. Section 1915, provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] On May 12, 2017, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 4). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.

## I.     ANALYSIS

To begin, it does not appear that Plaintiff is in imminent danger.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  <u>Blackman v. Mjening</u>, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of harm are insufficient.  <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate…."  <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Based on the facts alleged in the Complaint (ECF No. 1), it does not appear that Plaintiff is in imminent danger.  Plaintiff alleges that the defendants retaliated against him for filing administrative complaints and/or lawsuits.  There are no allegations that would suggest Plaintiff is at risk of being seriously physically injured.  Accordingly, the Court finds that Plaintiff is not in imminent danger.

Therefore, the Court must determine whether Plaintiff "has, on 3 or more prior occasions… brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…."  28 U.S.C. § 1915(g). The Court takes judicial notice of the following cases:

1.  <u>Shepard v. Connolly</u>, No. 2:11-cv-01262 (C.D.Cal. Feb. 17, 2011) (order finding plaintiff's claim as frivolous, malicious, and failing to state a claim);

2.  <u>Shepard v. Johnson</u>, No. 1:11-cv-01726 (E.D.Cal. Aug. 7, 2012) (order dismissing case with prejudice for failure to state a claim upon which relief may be granted); and

3.  <u>Shepard v. Munoz</u>, No. 1:12-cv-01470 (E.D.Cal. Oct. 8, 2013) (order dismissing case with prejudice for failure to state a claim upon which relief

may be granted).

Accordingly, based on the foregoing, the Court finds that, before filing this case, Plaintiff had filed three or more cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.

## II. CONCLUSION AND ORDER

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5) is DENIED pursuant to 28 U.S.C. § 1915(g);

2. This action is DISMISSED, without prejudice to Plaintiff refiling the action with the submission of the full $400.00 filing fee; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **June 12, 2017**                    /s/ *Erica P. Grosjean*
                                                                UNITED STATES MAGISTRATE JUDGE